# Harris *v.* State.

(Division B.   Oct. 10, 1938.)

[183 So. 521.   No. 33222.]

**Ely B. Mitchell,** of Corinth, for appellant.

G. C. Moreland, of Corinth, and W. D. Conn, Jr., As-
sistant Attorney-General, for the State.

Argued orally by **Ely B. Mitchell,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**McGehee, J.,** delivered the opinion of the court.

The appellant, having been indicted and tried for the murder of one Joe Little in Alcorn County, was convicted of manslaughter. The proof, on behalf of the State, disclosed that the appellant, upon seeing the deceased coming along the road in front of his home, secured his shotgun, went out of the house and shot the deceased, at a time when he was not armed and was making no demonstration toward the appellant or anyone else, while the testimony offered by the appellant was to the effect that the deceased threatened him and made a demonstration as if he intended to draw a weapon. The jury was amply warranted under the evidence in adopting the theory of the State and rejecting the contention of the appellant.

Several grounds of error are assigned on appeal, the principal ground being that the trial court refused to permit the appellant to show the details of an alleged previous difficulty. The appellant was permitted to show a threat made and an assault and battery committed by the deceased on him and his daughter some three hours prior to the killing; and the only objection interposed by the State to the testimony in regard to this previous difficulty was withdrawn and both the appellant and his daughter were permitted to testify that the deceased had made an unprovoked assault and battery on each of them that afternoon with a claw-hammer, saying that he had

"put up with them as long as he was going to, and that he was going to kill them and get them out of the way." Since the appellant was permitted to show that the previous difficulty was unprovoked, and to show what acts were done by the deceased in committing the alleged assault and battery, there was no error committed by the court in stating that the defense would not be permitted to show the details of this previous difficulty. Moreover, when the court announced the ruling, the objection made by the State was promptly withdrawn, as heretofore stated, and no further objection was made to their testimony regarding what had occurred. Neither do we find any merit in any of the other grounds of error assigned.

Affirmed.